## SUSAN E. SCOFIELD vs. SECOND UNIVERSALIST SOCIETY OF STAMFORD.

Third Judicial District, New Haven, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, JS.

The agency of a real-estate broker, employed under the ordinary so-called listing contract, is not exclusive and the owner may terminate it at will or by a direct sale of the property, provided

he does not act in bad faith for the purpose of depriving the broker of a commission virtually earned.

The broker does not earn his commission under a listing contract until he produces a customer ready, able and willing to buy on the terms stated or finally agreed to by the owner.

The plaintiff showed defendant's premises in 1918 to C, who was then unwilling to purchase, their negotiations proceeding no further than an indefinite proposal by C for a lease with an option to buy, which was never effected because the rental demanded by the defendant was unsatisfactory. In 1919, without plaintiff's intervention, C's unwillingness to purchase was overcome and the defendant made the sale directly to him, whereupon the plaintiff brought the present action for a commission. *Held* that the trial court properly set aside a verdict for the plaintiff, since there was no reasonable basis for concluding that she was the procuring cause of the sale.

Argued January 20th—decided March 20th, 1925.

ACTION to recover a commission alleged to have been earned by the plaintiff in the sale of the defendant's real estate, brought to the Superior Court in Fairfield County and tried to the jury before *Maltbie, J.;* verdict for the plaintiff for $1,398, which the trial court, upon the defendant's motion, set aside as against the evidence, and from this decision the plaintiff appealed. *No error.*

The plaintiff is a real-estate broker who represented the defendant. Assuming that the jury found her testimony to be true, she had secured for Mr. and Mrs. Cosgrave, who finally bought the property in question, the rental of a summer cottage at Wallack's Point, in the town of Stamford, which they occupied for two years. In the summer of 1918 they came to the plaintiff to find them another cottage which they might rent for the next summer, with an option of purchase. She showed them the premises now in question, which included a house and lot controlled by the defendant, and adjoining lots owned by four others. The Cosgraves were not interested in anything less than the

entire tract, which they desired to lease for two or three years with an option of purchase. The plaintiff negotiated with Mr. Dondlinger, attorney for the defendant, and later authorized to act for the other owners. Dondlinger named a rent for the premises which plaintiff quoted to Mr. Cosgrave, who rejected the proposition; and procured through the plaintiff another house for the summer of 1919. Negotiations for leasing the premises with or without option of purchase were never reopened. It does not appear whether the terms named by Dondlinger included an option of purchase. Later in the fall of 1918, after the Cosgraves had returned to New York, Dondlinger gave the plaintiff a sale price on the entire premises. Plaintiff then told Dondlinger that the Cosgraves had already rented a house for 1919, but that she would take it up with other clients and take it up next year with them. Plaintiff did not quote the sale price given her to the Cosgraves and the only suggestion she claims to have made to the Cosgraves, after the failure to bring the parties together on the proposed lease, is this: "I called Mr. Cosgrave in 1919 and told him of another place right on the water that was in the market for sale, and would he go and look at it. At the same time I told him that the old place was still in the market for sale." Thereafter she called Mr. Cosgrave again and asked him how he liked the other place, and he replied that he had looked at it, and did not like it. Apparently nothing was said at that interview about the old place; i.e., the premises in question.

The next the plaintiff heard about the matter was several months later when she learned by telephone from Mr. Dondlinger that he had sold the property to the Cosgraves, and she then, in answer to the question whether she still claimed the Cosgraves as clients, asserted a claim for full commission.

On cross-examination the plaintiff, being asked questions as to whether the Cosgraves ever made any offer through her for the property, answered: "They were not ready to buy then. . . . They were not ready, they wanted to lease for two or three years, then they wanted to buy. . . . They were not ready to buy as far as I know." This part of the plaintiff's testimony is corroborated by the Cosgraves themselves, who testified that they had no intention of buying the premises until sometime in the summer of 1919, after they had occupied the so-called Frank house, which was quite near the premises in question, and had revisited the premises a number of times.

In August, 1919, the Cosgraves, knowing that Mr. Dondlinger represented all the owners, entered into negotiations directly with him for the purchase of the premises, which resulted in their sale.

Dondlinger testified that the plaintiff came to him to negotiate for a lease of the entire premises to the Cosgraves; that nothing was said about an option of purchase; that after some delay, due to reconciling the several interests, he quoted her an approximate rental, which failed to interest her clients; that he never gave her a sale price on the premises; that nothing more was done by him until the Cosgraves called at his office and opened negotiations for the purchase of the property, and that because they had been introduced by the plaintiff as prospective tenants, he desired, for the protection of the defendant, to know what her attitude was.

*Warren F. Cressy,* for the appellant (plaintiff).

*John F. Keating,* for the appellee (defendant).

BEACH, J. The trial court set aside the verdict for the plaintiff on the ground that there was no evidence

from which the jury could reasonably have found' that the plaintiff was the procuring cause of the sale. This action was taken after advisement and for reasons fully stated in a memorandum of decision. An independent examination of the evidence brings us to the conclusion that the court did not err.

Giving the fullest effect to the plaintiff's testimony, she interested the Cosgraves in the premises and introduced them to the defendant's representative as prospective tenants desiring a lease for two or three years with an option of purchase. She failed to bring the parties together upon a rental price, and rented another place to her clients for the ensuing summer. In the fall of 1918 the Cosgraves definitely disappeared as prospective tenants of the premises and from that time manifested no interest in the premises until August, 1919, when they reappeared, not as prospective tenants, but as prospective purchasers, and for the first time commenced the negotiations as active prospective purchasers, which resulted in the sale of the premises. In these negotiations plaintiff took no part.

Coming directly to the question whether there is any evidence from which it can reasonably be inferred that the plaintiff was the procuring cause of the sale, it appears that in the fall of 1918 the Cosgraves were not ready to buy. They wanted a lease for years with an option of purchase, and while that implies a desire to secure an opportunity to buy, it also implies a present unreadiness to buy. Plaintiff herself testified that the Cosgraves were not ready to buy so far as she knew. She did not at any time regard them as sufficiently interested to make it worth while to quote to them the sale price which she says Mr. Dondlinger gave her for the very purpose of quotation to prospective buyers. The Cosgraves testify that they were not actively interested as prospective purchasers until the

summer of 1919, and to that extent their testimony fits in with the plaintiff's testimony and conduct. At some time prior to August, 1919, the Cosgraves did become actively interested in the premises as prospective purchasers; their mental attitude toward the premises changed from one of unreadiness to buy, to one of readiness to buy; provided, of course, that terms could be agreed on. The fundamental difficulty with the plaintiff's case is that the testimony does not in any way indicate that she assisted in bringing about this change of mental attitude, or that she brought the changed mental attitude of the Cosgraves to the attention of the defendant's representative; much less that she had any part in bringing the parties together upon the terms finally agreed on.

The plaintiff does not claim to have obtained the exclusive sale of the premises, or the exclusive agency to negotiate a contract of sale. Her employment was the ordinary so-called listing contract of employment where the exclusive sale is not given; and in such cases "it is generally held that the employment may be terminated by the owner at will, and that a sale of the property by the owner terminates the employment." *Harris* v. *McPherson*, 97 Conn. 164, 169, 115 Atl. 723. The owner must not, of course, act in bad faith or make the sale himself for the purpose of depriving the broker of a commission virtually earned; and, as might be expected, there is some apparent conflict, among cases close to the line, as to when a commission has been virtually earned. But all the cases on listing contracts agree that the commission is not earned until the broker produces a customer ready, able and willing to buy on the terms stated or finally agreed to by the owner. Here the consensus of the testimony is that the Cosgraves were not ready to buy and that no price had been quoted to them, at the time when the plaintiff

ceased to make any effort to induce them to buy. It thus appears affirmatively that she did not interest the purchasers "to the point that they accepted, or were ready to accept, the terms of sale which the plaintiff was authorized to make." *Rosenfield* v. *Wall,* 94 Conn. 418, 421, 109 Atl. 409.

There is no error.

In this opinion the other judges concurred.